Winthrop, Town of v. Federal Aviation Administration Doc. 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
2001 DEC -6 P 12:02

| | | |
|---|---|---|
| TOWN OF WINTHROP,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL AVIATION ADMINISTRATION,<br><br>Defendant. | ) | CIVIL ACTION<br>No. |

MAGISTRATE JUDGE______

## COMPLAINT FOR DECLARATORY, INJUNCTIVE AND OTHER EQUITABLE RELIEF

1. This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a), seeking the release of records of the defendant Federal Aviation Administration ("FAA") related to the proposed new Centerfield Taxiway at Logan International Airport, Boston, Massachusetts, which records the FAA has withheld and/or failed to produce in response to two FOIA requests made on behalf of the plaintiff. For the reasons alleged below, expedited consideration of this matter is being requested.

## PARTIES

2. Plaintiff Town of Winthrop (the "Town") is a municipal corporation and political subdivision organized and created pursuant to the laws of the Commonwealth of Massachusetts. The principal office of the Town is at Town Hall, Winthrop, Massachusetts.

3. Defendant Federal Aviation Administration is an agency of the United States having its headquarters office at 800 Independence Avenue, S.W., Washington, D.C.; and a New England Regional Office located at 12 New England Executive Park, Burlington, Massachusetts.

AMOUNT $______
SUMMONS ISSUED______
LOCAL RULE 4.1______
WAIVER FORM______
MCF ISSUED______
BY DPTY CLK______

Dockets.Justia.com

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1346(a)(2) (United States as defendant); and 28 U.S.C. § 2201 (declaratory judgment). Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## FACTUAL STATEMENT

5. In this action the Town is seeking the release of certain records of the FAA related to its review and approval of the Centerfield Taxiway (the "Taxiway") portion of the Airside Improvements Planning Project (the "project") at Logan Airport (the "airport"), Boston, Massachusetts, proposed to be constructed by the Massachusetts Port Authority ("Massport"), the owner and operator of the airport.

### Background Facts

6. The Taxiway proposed to be constructed by Massport would be 9,300 feet in length, with a paved width of 170 feet (including paved shoulders). The Taxiway would be located between existing Runways 4L/22R and 4R/22L. The purported purpose of the Taxiway is to reduce congestion on existing taxiways, facilitate more efficient aircraft movement between terminal areas and runways, and enhance airport safety.

7. The FAA has reviewed the project because the FAA has responsibility for (a) processing and approval of Massport's application for federal grant-in-aid funds for the project under 49 U.S.C. §§ 47101 et seq. and Passenger Facility Charge funds under 49 U.S.C. § 40117; (b) approval of changes to the Logan Airport Layout Plan; and (c) preparation of the Environmental Impact statement ("EIS") for this project as required under the National Environmental Policy Act

of 1969 ("NEPA"), 42 U.S.C. § 4332(2)(C).

8. The FAA published a Draft EIS, a Supplemental Draft EIS, and a Final EIS for the project in, respectively, February 1999, March 2001, and June 2002.

9. On August 2, 2002 in a Record of Decision ("ROD") signed by Paula Lewis, Acting Regional Administrator, FAA New England Region, the FAA deferred its decision on the Taxiway until the FAA completed an additional evaluation of potential beneficial operational taxiway procedures; but approved the other elements of the project, subject to full implementation of certain mitigation measures identified in the ROD.

10. Between September 2002 and May 2006, the FAA carried out a taxiway study called for by the ROD. In June 2006 the FAA released a taxiway reevaluation report, dated May 2006 (which was written by Harris Miller Miller & Hanson Inc. ("HMMH") under a contract with Massport) to document the taxiway reevaluation study. In July 2006 the FAA published a Draft Written Reevaluation, dated June 30, 2006, which found that the data and analysis in the Final EIS regarding the environmental impacts of the Taxiway were still adequate; that the FAA had fulfilled the mitigation commitment in the ROD regarding the Taxiway; and that there are no substantial changes since the ROD was published in 2002 to require supplemental documentation.

11. After receiving comments on the Draft Written Reevaluation, the FAA in May 2007 published a Written Reevaluation and Record of Decision, dated April 20, 2007, which found that the FAA had carried out the additional evaluation required under the ROD and gave approval to completion of the FAA's actions regarding the Taxiway which had been deferred in the ROD.

**The FOIA Requests to FAA and Its Initial Responses**

12. By letters dated August 2, 2007 addressed to the appropriate FOIA offices for both

the FAA New England Region and the FAA Headquarters in Washington, D.C., counsel for the Town submitted identical FOIA requests seeking the following FAA records, among others: (a) FAA records which contain the FAA's approval or acceptance of the use of the "SoundPLAN" model in conjunction with the Taxiway reevaluation; (b) other FAA reports and records which use the "SoundPLAN" model; (c) FAA records which evaluate the appropriateness of use of the "SoundPLAN" model; (d) FAA records regarding evaluation of alternatives to the Taxiway; (e) FAA records of communications between the FAA, Massport, and/or HMMH regarding the Taxiway study's consideration of alternatives; evaluation of noise, air, and health impacts; scope of work; evaluation of comments on the Draft Written Reevaluation; and records not contained in Appendix G to the May 2006 report written by HMMH; and (f) other FAA Taxiway records regarding the evaluation of air emissions and potential impacts on public health. The FAA was advised that the FAA records were being sought to obtain information relative to the Taxiway that may be relevant to issues raised in the petition for review of the FAA's approval of this project, which petition is now pending in the United States Court of Appeals for the First Circuit, Town of Winthrop et al. v. Federal Aviation Administration, No. 07-1953, in which the Town and two individuals are contesting the FAA's approval of the Taxiway.

13. Subsequently the request for FAA records addressed to the New England Region, as identified in paragraph 12 of the Complaint, was narrowed to exclude records in the Administrative Record prepared for Town of Winthrop v. FAA.

14. By letter dated October 4, 2007 from Amy L. Corbett, Regional Administrator, New England Region, the FAA responded to items (d), (e) and (f) identified in paragraph 12 of the Complaint; and indicated that the other four items will be, or have been, responded to by other FAA

offices.

15. The FAA's October 4, 2007 response enclosed copies of approximately 99 pages of Taxiway study records, from files of the FAA New England Region, most of which records are simply copies of non-substantive e-mails regarding scheduling of meetings and preparation of reports for the Taxiway study.

16. The October 4, 2007 response also stated that the FAA was withholding "draft documents and e-mails, which contain recommendations, opinions, analysis, review comments, edits of draft documents, and attorney-client and/or attorney work-product privileged documents."

17. On October 16, 2007 counsel for the Town received a letter dated September 14, 2007 from the FAA's Office of Environment and Energy – which had been assigned to respond to item (c) identified in paragraph 12 of the Complaint – enclosing five documents responsive to that item of the Town's FOIA requests.

18. On October 18, 2007 counsel for the Town was advised in a clarifying e-mail from Raquel Girvin, Ph.D., Manager of the FAA's Noise Division AEE-100, Office of Environment and Energy, Aviation Policy, Planning and Environment at FAA Headquarters in Washington, D. C., that his office "did not have any material to respond to items [(a) and (b)] from [the Town's] request."

**The Prior Litigation Regarding This Matter**

19. On October 18, 2007 the Town filed a civil action in the United States District Court seeking release of the records improperly withheld by the FAA. Town of Winthrop v. Federal Aviation Administration, Civil Action No. 07-11977-JLT (D. Mass.).

20. After an Expedited Status Conference held on November 8, 2007, the Court ordered the defendant FAA to "produce a Vaughn Index to the Plaintiff by November 21, 2007" and stayed

the case pending production of the Vaughn Index. Docket No. 5.

21. Thereafter, counsel for the Town and the FAA agreed to a process to try to resolve the FOIA dispute. Accordingly, on November 15, 2007 the Town submitted to FAA Headquarters an administrative appeal from the FAA New England Region's October 4, 2007 partial denial of the Town's FOIA request: and on November 19, 2007, a Stipulation of Dismissal was filed in Town of Winthrop v. Federal Aviation Administration. Docket No. 6.

22. On November 21, 2007 the FAA provided to the Town an index of 129 documents which the FAA had withheld, which records were identified as 4 draft scopes of work; 13 draft letters/draft press releases/draft internal briefings; 4 handwritten notes/sign-in sheets; 58 deliberative process e-mails; and 50 attorney client/attorney work product e-mails/documents (which also may include deliberative process consideration).

**Disposition of the Administrative Appeal**

23. On November 30, 2007 the Town received the FAA's response to its administrative appeal in a letter dated November 28, 2007 signed by Paula Lewis for Ruth Leverenz, FAA Assistant Administrator for Regions & Center Operations, Washington, D. C. In this response the FAA affirmed the New England Region's partial denial of the August 2, 2007 FOIA request with regard to 92 of the 129 documents being withheld; and made a discretionary release of the remaining 37 documents.

24 The Town has initiated further discussions with the FAA in an effort to come to an agreement about the remaining documents being withheld, but as of the filing of this complaint there has not been progress in efforts to settle this matter.

**Expedited Consideration of this Matter Is Necessary and Appropriate**

25. The documents still being withheld are part of the FAA's consideration and approval of the Taxiway which is being challenged, pursuant to 49 U.S.C. § 47110, in a parallel action filed on June 19, 2007 which is now pending before the United States Court of Appeals for the First Circuit, Town of Winthrop v. Federal Aviation Administration, First Circuit No. 07-1953. The petitioners in that action assert that the Taxiway was approved by the FAA without complying with important procedural requirements of Section 102(2)(C) of the National Environmental Policy Act of 1960 ("NEPA"), 42 U.S.C. § 4332(2)(C), and other requirements of law including the FAA's own environmental review requirements.

26. In that petition for review the petitioners seek to set aside the FAA's April 20, 2007 approval of the Taxiway as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), the review of which is to be based on "the whole record" of the materials before the FAA at the time of its decision. Id. Fed. R. App. P. 17(b)(1)(A) directs the FAA to file "the entire record" of the materials before it at the time of its decision.

27. The Town seeks expedited consideration of the matter before this Court so that, should this Court order the release of further FAA records, the petitioners will be able to review and include in their First Circuit brief a discussion of the relevance and meaning of these records.

28. The petitioners have been given an extension until December 20, 2007 to file their brief on the merits with the First Circuit.

29. Expedited consideration of the case before this Court is necessary in order that the Town may obtain meaningful judicial review in the First Circuit petition for review.

## CLAIM FOR RELIEF

30. The Town's FOIA requests were made in compliance with the procedures of 5 U.S.C. § 552(a) and sought identifiable agency records within the meaning of 5 U.S.C. § 552(a) and 5 U.S.C. § 552(f).

31. The FAA has improperly withheld and failed to make all records available for inspection and copying which are required to be made available by 5 U.S.C. § 552(a)(2) and (3); and the FAA has failed to make a proper identification of records being withheld so as to permit appropriate judicial review of this matter.

32. The Town has exhausted all available administrative remedies, making judicial review appropriate and necessary at this time.

## PRAYERS FOR RELIEF

WHEREFORE, the plaintiff prays that this Court:

1. Schedule an expedited status conference and other appropriate proceedings in order to give this matter immediate consideration, and order that the defendant FAA bring all documents being withheld to that conference to permit this court to make an immediate *in camera* examination of the documents being withheld.

2. In accordance with 5 U.S.C. § 552(a)(4)(C) order the FAA to serve an answer or otherwise plead to this complaint within seven (7) days after service.

3. Order that the FAA prepare and provide to the plaintiff a complete index describing the nature and contents of all records being withheld, in accordance with the requirements of Church of Scientology Int'l v. U.S. Department of Justice, 30 F.3d 224, 230-40 (1st. Cir. 1994), and all other requirements of law.

4. Permit the plaintiff to undertake immediate discovery.

5. After consideration of the merits, enter a declaratory judgment in favor of the Town.

6. In accordance with 5 U.S.C. § 552(a)(4)(F) assess reasonable attorney fees and other litigation costs against the United States.

7. Enter such other relief as the Court deems appropriate.

Town of Winthrop,

By its attorney,

Peter L. Koff/BBO #276520
Engel & Schultz, LLP
125 High Street, Suite 2601
Boston, MA 02110
Tel.: 617-951-9980
Fax: 617-951-0048

Dated: December 6, 2007